UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER J. SILVERS,

    Petitioner,

vs.    Case No. 3:17-cv-1091-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

## ORDER

### I. INTRODUCTION

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1), Petitioner Alexander J. Silvers, an inmate of the Florida penal system proceeding pro se, challenges his state court (Duval County) conviction for two counts of unlawful sexual activity with certain minors (counts 4 & 5). Petition at 1.[1] He is serving a term of fifteen years in prison. Id. Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 21).[2]

_____

[1] Where applicable, the Court will refer to the page numbers assigned by the electronic filing system.

[2] The Court hereinafter refers to the exhibits to the Appendix (Doc. 21) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

Petitioner filed a Reply to Respondents' Answer to Petition for Writ of Habeas Corpus (Reply) (Doc. 22).

## II. EVIDENTIARY HEARING

The pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, the Court is able to "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). As the record refutes the asserted factual allegations or otherwise precludes habeas relief, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Petitioner has not met his burden of demonstrating a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012).

## III. CLAIM

Petitioner raises one ground in the Petition: "[j]udgment was enter[ed] and sentence was imposed in violation of the (United States) constitutional [sic] Fourteen[th] Amendment." Petition at 5. In support of ground one, he provides the following facts:

> On June 04, 2012, I was arrest[ed] on two counts of sexual battery. On June 05, 2012, I was taken for first appearance on two counts of sexual battery, where probable cause to

> detain on those charges, was found; bond was set for those counts; on June 28, 2012 prosecutor file[d] those charges in addition to another count of sexual battery and two counts of unlawful sexual activity with a certain minor older than sixteen or seventeen younger than eighteen[.]

Id.

The Petition is timely filed. See Response at 6-7. Petitioner exhausted his Fourteenth Amendment claim by raising it in a post conviction motion. Id. at 9.

### IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254. This statute "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S.Ct. 504, 506 (2019) (per curiam). The AEDPA statute: "respects the authority and ability of state courts and their dedication to the protection of constitutional rights." Id. Therefore, "[u]nder AEDPA, error is not enough; even clear error is not enough." Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1349 (11th Cir. 2019) (citing Virginia v. LeBlanc, 137 S.Ct. 1726, 1728 (2017) (per curiam)), petition for cert. filed, (U.S. July 30, 2019) (No. 19-5438).

Applying the statute as amended by AEDPA, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019).

Thus, in order to obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders, 911 F.3d at 1351. As noted in Richter, unless the petitioner shows the state court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

In undertaking its review, this Court is not obliged "to flyspeck the state court order or grade it." Meders, 911 F.3d at 1349. Indeed, specificity and thoroughness of the state court decision is not required; even if the state court fails to provide rationale or reasoning, AEDPA deference is due "absent a conspicuous misapplication of Supreme Court precedent." Id. at 1350 (citation and quotation marks omitted).

Of importance, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption

of correctness under 28 U.S.C. § 2254(e)(1). But, this presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).

Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S.Ct. 1188, 1192 (2018) (Wilson).

Once a claim is adjudicated in state court and a prisoner seeks relief in the federal court system, AEDPA's formidable barrier to habeas relief comes into play, and it is very difficult for a petitioner to prevail under this stringent standard. As such, state-court judgments will not easily be set aside once the Court employs this highly deferential standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although AEDPA does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no possibility fairminded jurists could disagree that the state

court's decision conflicts" with Supreme Court precedent. Id. In sum, application of the standard set forth in 28 U.S.C. § 2254(d) ensures that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, and not a mechanism for ordinary error correction. Richter, 562 U.S. at 102-103 (citation and quotation marks omitted).

## V. FINDINGS OF FACT AND CONCLUSION

In ground one, Petitioner claims his judgment and sentence were entered in violation of the Fourteenth Amendment to the United States Constitution. Petition at 5. "Cases in [the United States Supreme Court] have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." Spencer v. State of Tex., 385 U.S. 554, 563-64 (1967).

The record demonstrates the following. On June 4, 2012, the police arrested Petitioner for sexual battery. Ex. B1 at 1-5. The victim alleged she was struck in the face and Petitioner required her to perform sexual acts, including oral and vaginal sex. Id. at 3. At Petitioner's initial appearance, on June 5, 2012, Judge Scott Mitchell found probable cause to detain Petitioner, set bond, found Petitioner indigent, and appointed the public defender. Id. at 6, 9. On June 26, 2012, Petitioner, through counsel, filed a Motion for Adversary Preliminary Hearing. Id. at 10-11. The record submitted to the Court does not include an order resolving

the Motion for Adversary Preliminary Hearing or any reference to the resolution of the motion.[3]

On June 28, 2012, the assistant state attorney filed an information charging three counts of sexual battery and two counts of unlawful sexual activity with certain minors. Ex. B1 at 12-13. On July 5, 2012, at arraignment on the information, Petitioner waived the reading of the information and pled not guilty. Id., docket at 1-2. Thereafter, on August 5, 2013, the state filed an amended information charging Petitioner with three counts of sexual battery and two counts of unlawful sexual activity with certain

---

[3] This Court described the purpose of an adversary preliminary hearing and the possible relief that can be obtained through the proceeding:

> A motion for an adversary preliminary hearing is governed by Florida Rule of Criminal Procedure 3.133(b). Under that Rule, a defendant who is not charged by an information or indictment within 21 days from the date of arrest shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. If the adversary preliminary hearing finds that probable cause exists to believe that an offense has been committed, section (b)(5) provides that the defendant is to be held to answer in the circuit court. In the event that probable cause is not established at the hearing, the defendant is "released on recognizance" subject to the condition that the defendant appear at all proceedings. Fla. R. Crim. Proc. 3.133(b)(5). Such release does not void further prosecution by information or indictment. Id.

Lee v. Sec'y, Fla. Dep't of Corr., No. 3:15-CV-112-J-34JBT, 2017 WL 5608826, at *10 (M.D. Fla. Nov. 21, 2017).

minors, with the only difference being a reduction of one count of sexual battery from a first degree felony to a second degree felony. Id. at 4-5. See Charging Notice - Amended Charges. Ex. B1 at 45-46. On August 5, 2013, Petitioner waived the reading of the amended information and pled not guilty. Id., docket at 4.

At sentencing, Petitioner's counsel, Sandra Suarez, notified the court that Petitioner had a question concerning whether he had been "taken for initial appearance on an additional count." Ex. B1 at 148. Ms. Suarez stated she had researched the matter and determined there was not a new count added to the information; however, the state amended the information for some purpose. Id. Petitioner stated he had no first appearance. Id.

Ms. Suarez assured the court that there were no additional charges pending. Id. The prosecutor, Catherine Licandro, offered the following explanation. She said perhaps Petitioner was confused because there was an amended information filed prior to trial, reducing one count of sexual battery from a first degree to a second degree charge. Id. at 149. Ms. Licandro advised the court: "all of the charges before the Court in this case were resolved and I am not personally aware of any other charges." Id. Ms. Suarez reiterated, "[a]nd I have done the research, Your Honor, and I didn't find anything else pending." Id.

Petitioner, in his amended Rule 3.850 motion, raised one ground: "[j]udgment and sentence was imposed in violation of United States Constitution Amendment fourteen[.]" Ex. E1 at A009. The

- 8 -

trial court denied the amended motion. Ex. C1, Order Denying Defendant's Amended Motion for Postconviction Relief. In denying Petitioner's Fourteenth Amendment claim, the court held:

> In his Amended Motion, Defendant asserts his judgment and sentence were imposed in violation of the Fourteenth Amendment to the United States Constitution because the State violated his right to due process of law. Defendant appears to claim that the State unlawfully charged him with five offenses when he was originally only arrested for two offenses. This Court finds that the portion of the May 31, 2016, Order addressing the merits of Defendant's Original Motion sufficiently addresses the claim raised in Defendant's Amended Motion.

Id. at 2-3.

Adopting its earlier ruling, the trial court attached its previous order as Exhibit A. It states, in pertinent part:

> the Court notes that to the extent Defendant attempts to claim his judgment and sentence are unconstitutional because he was not arrested on the offenses charged in the information, Defendant's claims are subject to denial. Defendant was arrested on June 4, 2012, for two incidents of sexual battery in violation of section 794.011(8)(b), Florida Statutes. (Ex. C.) On June 28, 2012, the State charged Defendant with two counts of sexual battery in violation of section 794.011(5), Florida Statutes, one count of sexual battery in violation of section 794.011(8)(b), Florida Statutes, and two counts of unlawful sexual activity with certain minors in violation of section 794.05, Florida Statutes. (Ex. D.) The charges filed against Defendant on June 28, 2012, were supported by the facts contained within the Arrest and Booking Report, which facts formed the basis for Defendant's arrest on June 4, 2012 (Ex. C.) Defendant was arraigned on the

>charges contained within the Information on July 5, 2012.

Exhibit A at 2-3.

The court went on to explain that it was the state attorney's discretion as to whether and how to prosecute the case. Id. Thus, the state was permitted to decide how to charge Petitioner. Id. The court found Petitioner's claim meritless. Id.

Petitioner appealed the denial of his amended Rule 3.850 motion. Ex. C1, Appellant's Initial Brief. On July 10, 2017, the First District Court of Appeal (1st DCA) affirmed per curiam. Ex. C2. The mandate issued September 6, 2017. Ex. C5.

As noted by Respondents, the claim raised in ground one of the Petition is not a model of clarity, but "Petitioner appears to take issue with the fact that after he was arrested for two counts of sexual battery, the state later charged him with an additional count of sexual battery, plus two counts of unlawful sexual activity with a minor." Response at 9. Of import, on direct appeal, Petitioner challenged his conviction and sentences for three counts of battery (lesser included offenses), asserting the convictions violated the prohibition against double jeopardy. Ex. B8. The 1st DCA agreed in part, reversed the judgment and sentence in part, and remanded with directions to vacate two of the battery convictions.[4] Id. Petitioner's Florida Department of Corrections'

---

[4] Petitioner received a concurrent sentence of one year in prison for battery, a lesser included offense. Ex. B1 at 92-102.

prison history, as reflected on the Corrections Offender Network, shows he is currently serving a concurrent term of fifteen years in prison for two counts of unlawful sexual activity with certain minors. <u>See</u> Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited August 15, 2019).

The record shows Petitioner had an initial appearance and the court found probable cause to detain Petitioner; thereafter, Petitioner was arraigned on the information; and after the information was amended, Petitioner waived the reading of the amended information and pled not guilty. New charges were not brought in the amended information. Instead, the prosecutor reduced one of the charges from a first degree felony to a second degree felony. Petitioner was tried on all counts of the amended information.

At sentencing, Petitioner expressed some concern that he had not been taken for an initial appearance on an additional count. Petitioner's counsel assured the court that a new count had not been added to the information, and the prosecutor agreed with this assessment. All outstanding charges were resolved at trial.

The prosecutor decided to charge Petitioner with five counts, and amended the information to reduce one of the charges, certainly a matter of prosecutorial discretion.[5] To the extent Petitioner is

---

[5] In his Reply at 7-8, Petitioner states he is not challenging the matter of prosecutorial discretion, but rather is contending

complaining that the charges were unsupported, the trial court found the charges filed against Petitioner were adequately supported by the facts contained in the Arrest and Booking Report, and the 1st DCA affirmed this decision.

To the extent Petitioner finds fault with the amended information, he could have moved to dismiss the amended information. He failed to so move. Petitioner has not, and cannot, allege the amended information fails to state a crime as the amended information charges three counts of sexual battery and two counts of unlawful sexual activity with certain minors. In this case, the trial court certainly had jurisdiction.

Of note, the amended information includes the signature and oath of an assistant state attorney required under Florida Rule of Criminal Procedure 3.140(g); consequently, counsel had no basis on which to object to the amended information, and appellate counsel had no reason to raise the matter on direct appeal. See Jones v.

---

there was a failure to establish probable cause. To the extent Petitioner is claiming that failure to hold an adversary preliminary hearing deprived him of his constitutional rights, the Court remains unconvinced. Even if an adversary preliminary hearing had been conducted, the relief would have been Petitioner's release on his own recognizance until such time he was held to answer the charges in court, not dismissal of the charges. Lee, 2017 WL 5608826, at *10 (finding no prejudice because release under this provision does not void further prosecution by information or indictment and concluding the result of the proceeding would not have been different if a finding of no probable cause was even made). Indeed, in the instant case, the record demonstrates, two days after the filing of the motion for adversary preliminary hearing, the assistant state attorney filed the information against Petitioner.

Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous issue). Even assuming the amended information had been dismissed upon some motion, the state would have simply cured the deficiency by filing a new information. Ford v. Campbell, 697 So.2d 1301, 1303 (Fla. 1st DCA 1997). As such, Petitioner cannot demonstrate prejudice.

The decision of the 1st DCA is entitled to AEDPA deference. The record shows the 1st DCA affirmed the decision of the trial court denying the amended Rule 3.850 motion on its merits. There is an absence of any indication or state-law procedural principles to the contrary. Since the last adjudication of the Fourteenth Amendment claim is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has failed to do so. The Court concludes that the state court's adjudication of Petitioner's claim is not contrary to or an unreasonable application of federal law, or based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to habeas relief on ground one. As such, the Petition is due to be denied.

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability.**[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE

sa 8/22
c:
Alexander J. Silvers
Counsel of Record

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.